Judge Mills
delivered the opinion.
Clay having brought his ejectment in the court below, at the term to which it was returned, it appeared to be regularly served on Henry Banta, Thomas Todd, Isaac Todd, Laurance Woolry, Jacob Woolry, Dodson Tharp and Nicholas Eastin as tenants in possession, and against these persons a common order at that time appears to have been made. On a subsequent day of the same term there is an entry to this effect — “This day came the parties personally, and the defendant Henry Banta enters himself defendant, for himself, Laurence Woolry, Jacob Woolry, Thomas Todd, Isaac Todd and confesses judgment with the reservation hereinafter mentioned, for so much of the plaintiff’s claim, under James Estill’s heirs as interferes with his, said Banta’s claim, and for 90 acres, which he sold to Laurence Woolry and Jacob Woolry, defendants, and as to two defendants Todd for IU0 acres, and it is agreed by the plaintiff, and by the assent of the defendant, Henry, that no further proceedings shall be had in this cause, until after the trial of the chancery suit, Henry Banta and others, heirs of Abraham Banta, against said Clay and others. And the said Henry and Laurence for themselves, and for Jacob, do agree not to commit any waste.” Then follows an order of survey as to the other tenants. Ata subsequent term, an order is made to this effect: “Oedered that this cause, so f&r as it respects Bantas, Todd and Hinds, be stricken off the dock> t.” Then follows another common order against Laurence Woolry and Jacob Woolry, and also an order of survey. Ai a court several terms following, a judgment is entered by default, stating that the defendants were solemnly called and came not — and “that the plaintiff recover of the defendants the land designated in the connected plat bv the letters A, B, C, D, P, G, H, I, and his time yet to come and unexpired, of and in the pre- *136 misttes in the plat aforesaid mentioned, and also his costs by him about his suit in this behalf expended.”
A judgm’t. in ejectment must. be “tor the premisses in the deviation mention, ed:” it is error to take a judgment for land described in the plat returnt d.
To reverse this judgment this writ of error is prosecuted. To. this writ the defendant in error has pleaded the statute of, limitations. To ibis plea no reply ¡s made, but its effect is admitted, so far as it can apply or operate according to the dates shewn in the record, and it is assigned for error — -I st, That judgment is rendered by default without a-nv service of the common order: 2d, That the judgment is illegal and unauthorised for the premisses in the plat mentioned: 3d, The judgment is uncertain as to what tenants, from the proceedings in the cause.
The plea of the statute of limitations cannot operate on the last judgment, for the time bad not elapsed. It is contended, that the first entry, as to Banta and his tenants, does not amount to a judgment — that the defendant only made the necessary acknowledgement, and the court rendered no judgment. This entry is that to which alone the plea of the statute can apply. Whether it amounts toa judgment or not, we have not thought it necessary to decide; for no error is assigned questioning its propriety, nor does the defendant, Banta, appear to be embraced by the writ of error. As to the remaining tenants, we have no hesitation in saying, that there is too mnch uncertainty in the record to sustain the final judgment. The order striking the suit from the docket as to Bantas, Todd and Hinds, is wholly uncertain. There were two Todds, and which is not designated; and there is no tenant of the name of Hinds. By the last common order, the plaintiff seemed disposed to proceed against the two Woolrys only, and the judgment is, that the defendants were called, and that the plaintiff recover of them, and not the tenants, who had made default, and never were defendants. Such irregular and uncertain proceedings could not be sustained, even if the common orders had been personally served; and whether such service was necessary, we have not thought it incumbent on us to decide, inasmuch as the face of the record had become too uncertain to sustain the judgment with such service. Besides, the judgment 'itself is wholly erroneous. It is for the land in the plat described, instead of the premisses in tire declaration mentioned. Whether those in the plat and those in the declaration are the same, may be very doubtful. But whether they were or were not the same, the plat was then, and is yet, no part of the record, and never could be» *137 oome so, except by bill of exceptions, demurrer to evidence, agreed case, special verdict, or in some other way, by special order of the court. It was barely filed to be «sed as evidence on the trial, if the party should deem it necessary and proper so to use it, and the court should decide tbat it was competent and proper. For those reasons the judgment is deemed erroneous, and must be reversed with costs, and the cause be remanded for new proceedings to commence at the order striking the cause from the docket.
A survey- or’s report is no part of the record, except made so by particular direction of the court.
Hardin for plaintiff, Pope for defendant.